Dear Representative Deano:
You have requested an opinion concerning the following:
 1. Whether the current wetland regulations employed by the U.S. Corps of Engineers are a rational and reasonable approach to enforcing the statutory language contained in the Clean Water Act (CWA)?
 2. Whether the Corps of Engineers interpretation of the CWA exceeds its statutory authority?
3. What legal remedies are available to challenge the regulations?
 4. What is the possibility of a successful challenge to the regulations?
The CWA was enacted by Congress pursuant to its power under the Commerce Clause. The primary CWA objective is to restore and maintain the chemical, physical, and biological integrity of the nation's waters. (Section 101; 33 U.S.C. § 1251) Section 404 of the CWA makes the Corps of Engineers the primary Federal agency responsible for regulation of wetlands development pursuant to its dredge and fill permitting authority, with program oversight by EPA. (33 U.S.C. § 1344). The Corps has promulgated regulations to implement its statutory mandate. (33 C.F.R. § 323.1 et seq.; EPA's implementing regulations are found at 40 C.F.R. § 230.1
et seq.) Corps wetland regulatory authority under Section 404 is very broad, with discretion vested in the Corps provided a rational relationship to effects upon water quality, fish, wildlife, or recreation exists. (See Buttrey v. U.S. 690 F.2d 1170 (5th Cir. 1982)).
Although not specifically stated in your opinion request, I assume from said letter that you are concerned about Corps regulations and procedures relative to identification of wetlands for Section 404 jurisdictional purposes (33 C.F.R. § 328.3 and the 1989 Federal Manual for Identifying and Delineating Jurisdictional Wetlands). Generally speaking, such identification requires consideration of hydrology, vegetation and soils.
In response to your first and second questions, current Corps of Engineers 404 regulations relative to wetlands jurisdiction are consistent with Congressional CWA intent, and do not exceed statutory authority contained therein. (See United States v. Riverside Bayview Homes, Inc.106 S.Ct 455 (1985)).
Accordingly, Corps use and application of the 1989 Identification Manual and its criterion is also legal. This is so even though the manual was not submitted for public notice and comment under Federal Administrative Procedure Act (APA) rulemaking procedures as it is an interpretive guide to pre-existing Corps wetland identification regulations (5 U.S.C. § 553(b); Avoyelles Sportsman's League, Inc. v. Marsh, 715 F.2d 897 (5th Cir. 1983)).
In response to your third question, the legality of these Corps regulations and the Identification Manual could be challenged in Federal Court under the CWA, the APA (5 U.S.C. § 701 et seq), and28 U.S.C. § 1331.
In light of the foregoing, the possibility of a successful challenge to the regulations appears remote. Congress chose to define the "waters" covered by the CWA broadly (Golden Gate Audubon Society v. U.S. Army Corps of Engineers 717 F. Supp. 1417, 1422 (N.D. Cal. 1988)), and the United States Supreme Court in Riverside Bayview has given great deference to the Corps' interpretations of what are wetlands subject to its regulatory authority.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 WILLIAM W. GOODELL, JR. Assistant Attorney General